**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 31, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MOLLY MARIE TRINEN, on her own
behalf and on behalf of a class of
others similarly situated,

        Plaintiff-Appellant,

v.

CITY OF AURORA, a Colorado
municipal corporation,

        Defendant-Appellee.

No. 11-1396
(D.C. No. 1:11-CV-00152-JLK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

Molly Marie Trinen appeals the district court's grant of summary judgment

in favor of the City of Aurora (Aurora) on her substantive due process claim

under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After Ms. Trinen was arrested and charged with theft on October 12, 2010, she was detained in Aurora's detention center. She posted a $300 bond and paid a $50 non-refundable bail bond fee required by an Aurora municipal ordinance. Ms. Trinen was subsequently tried and acquitted on all charges. When Aurora refused to refund the $50 bail bond fee, she filed a class-action complaint alleging that the fee violated substantive due process and equal protection rights under the Fourteenth Amendment.

Ms. Trinen and Aurora filed cross motions for summary judgment. In support of her substantive due process claim,[1] Ms. Trinen argued that Aurora's bail bond fee unconstitutionally imposed costs of prosecution on an acquitted defendant. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); *Schilb v. Kuebel*, 404 U.S. 357, 376-77 (1971) (Douglas, J., dissenting) (concluding bail bond fee was a cost of prosecution and violated due process when imposed on defendant who was acquitted). The district court held that Ms. Trinen's substantive due process claim failed because the United States Supreme Court held in *Schilb* that bail bond fees are administrative costs, rather than costs of prosecution, and therefore do not violate due process when imposed

---

[1]     Ms. Trinen fails to address her equal protection claim in her appeal brief. She has therefore forfeited consideration of that issue on appeal. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

on a defendant who has been acquitted. *See* 404 U.S. at 370-71. The court granted Aurora's motion, denied Ms. Trinen's motion, and entered judgment in favor of Aurora. Ms. Trinen filed a timely appeal.

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Cypert v. Ind. Sch. Dist. No. I-050 of Osage Cnty.*, 661 F.3d 477, 480 (10th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Having reviewed Ms. Trinen's appellate brief along with the record in this case, we conclude that judgment was properly entered against her. For substantially the reasons stated in the district court's Memorandum Opinion and Order entered August 9, 2011, we affirm the district court's judgment.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-